

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:04-CR-112 |
| | § | |
| DONALD GENE PIFER, JR. | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, Donald Gene Pifer, Jr., violated conditions of supervised release imposed by United States District Judge Thad Hearfield. The United States Probation Office filed its *First Petition for Warrant or Summons for Offender Under Supervision* (doc. #141) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on December 21, 2015, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation

warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

    a.    That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

    b.    That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On May 10, 2015, The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, sentenced Mr. Pifer after he pled guilty to two counts of bank robbery and incidental crimes, all Class C felonies. Judge Heartfield sentenced to the defendant to 62 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include 180 days home detention to include electronic monitoring, financial disclosure, no new credit, no gambling, drug aftercare, mental health aftercare, no contact with Charles Scott Cody, $110,821.00 in restitution, and a $200 special assessment. On February 1, 2013, Donald Gene Pifer, Jr., completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States Probation Office alleges that the defendant violated a mandatory condition of his supervision as follows:

*Defendant shall not commit another federal, state or local crime.*

Specifically, on November 13, 2014, Donald Gene Pifer, Jr., appeared in the Harris County Court at Law. No. 8, with counsel, and entered a plea of guilty to the misdemeanor charge of assault-family member, in Docket Number 1984667. He was sentenced to 40 days custody in the Harris County Jail.

### C. Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke. Specifically, if the case proceeded to a final hearing, the Government would present evidence to show that as a condition of his supervised release, Mr. Pifer was ordered not to commit another state, local or federal crime. The Government offered a copy of the judgment entered on November 13, 2014, in County Criminal Court at Law Number 8, showing that Donald Pifer, Jr., was convicted of the Class A Misdemeanor of Assault-Family Member, and sentenced to 40 days in the Harris County Jail, with 23 days credit for time served.

Defendant, Donald Gene Pifer, Jr., offered a plea of true to the allegations. Specifically, he agreed with the evidence summarized above and pled true to the allegation that he committed a new state crime while on supervision, all in violation of his supervision conditions.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence

that the defendant violated a mandatory condition of his supervised release by committing a new state crime. This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1). Upon finding a Grade C violation, the Court may revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of VI and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 8 to 14 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of convictions were Class C felonies, the statutory maximum imprisonment term upon revocation is two (2) years. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* In this case, the authorized term of supervised release by statute is not more than three (3) years. *See* 18 U.S.C. § 3583(b)&(h).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant violated his supervision conditions. Mr. Pifer pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant to serve a term of **twelve (12) months** imprisonment, to run **concurrently** to the state prison term Mr. Pifer is currently serving in the Holliday Unit of the Texas Department of Criminal Justice (TDCJ)-Institutional Division for the theft conviction incurred in Cause Number 996463 in the 232nd District Court of Harris County, for a parole revocation in that case. The undersigned therefore recommends that the District Court designate the facility where Mr. Pifer is serving this state sentence as a facility where he can receive federal custody credit from the Bureau of Prisons (BOP).

The Court further recommends that, upon his release from prison, the defendant serve a new term of **supervised release for 22 months.** The new term of supervision should be subject to the same mandatory and standard conditions adopted by the Court and imposed in the original judgment

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

of conviction. The Court further finds that the special conditions stated in the judgment originally imposed by the District Court are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke.

### **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of December, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE